Dolores G. **WYATT**, Plaintiff,

v.

**BAREFOOT MAILMAN HOTEL, INC.**, a Florida corporation, and Arthur W. Beer, individually, and as Receiver for the Barefoot Mailman Hotel, Defendants.

Civ. No. 63–623.

United States District Court
S. D. Florida.

Oct. 8, 1965.

Frates, Fay & Floyd, Miami, Fla., for plaintiff.

A. H. Toothman, of Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, Fla., for defendants.

MEHRTENS, District Judge.

This is an action for wrongful death arising from the death of Howard C. Wyatt, deceased husband of the plaintiff, on December 25, 1962, as a result of his being drowned in the Atlantic Ocean adjacent to the Barefoot Mailman Hotel, Hillsboro Beach, Florida.

The cause came on to be heard upon the motion of the defendants who had been substituted as Trustees for the Barefoot Mailman Hotel, Inc., a dissolved Florida corporation, for summary judgment.

The Court, having heard argument of counsel for both sides, having examined the pleadings, affidavits, depositions and having questioned counsel in open court, finds that there is involved between the plaintiff and the defendant no genuine issue as to the following facts:

1. On November 22, 1959, the defendant Barefoot Mailman Hotel, Incorporated, purchased from a Florida corporation, Barefoot Mailman, Incorporated, a certain sublease dated March 15, 1956, between Cooperative Apartments, Incorporated, and Warren Investment, Incorporated, filed of record July 26, 1956, in Official Record Book 687, Page No. 417, under Registry No. 744061 of the Public Records of Broward County, Florida.

2. Thereafter on April 27, 1962, a lawsuit was commenced in the Circuit Court of the Fifteenth Judicial Circuit, in and for Broward County, Florida, wherein Barefoot Mailman Hotel, Incorporated, was a defendant.

3. Thereafter on June 26, 1962, a codefendant in the case of Henry v. Wiesing et al. filed a petition for appointment of receiver in said cause.

4. Thereafter on June 28, 1962, by order of Court, Arthur W. Beer was appointed receiver of the Barefoot Mailman Hotel. Under the order appointing the receiver he was empowered and directed to collect and receive all rents, to rent any part of the premises, to employ agents, servants, employees and attorneys necessary for the continued operation of the property, and all persons then in possession were commanded to forthwith surrender possession thereof to the receiver. Barefoot Mailman Hotel, Inc. was enjoined from collecting any rents from the premises and from interfering in any way with the property or its possession by the receiver.

5. From June 28, 1962 until May 8, 1963, the Receiver was in possession of and operated the property. On May 8, 1963, he was discharged by order of Court. The decedent's death occurred during the receivership.

6. It is further stipulated that the interest of Barefoot Mailman Hotel, Inc. was sold pursuant to court order and notice of sheriff's sale pursuant to order of court in Case No. C62–1752 in the Fifteenth Judicial Circuit, Broward County, Florida. The proceeds of the sale, $79,332.01, were distributed in the amount of $76,249.99 to one creditor, one of the parties to the cause in which the receiver was appointed, and the balance of the sum was to satisfy a creditor in a Court of Record case in Broward County. Neither the corporation nor the defendants as Trustees received any of the proceeds of the sale or any assets from Barefoot Mailman Hotel, Inc.

From the foregoing facts the Court finds that the receiver had been in possession, operation and control of the premises involved for several months prior to and including the time in which the alleged negligence or default occurred which brought about the death of Mr. Wyatt.

The receivership in the instant case was a limited receivership insofar as the corporate entity was concerned. The receivership was one brought about by an action to determine the rights and interests of various parties, including the corporation, in a piece of property, and as a result only the property was placed into receivership; the corporation was not placed into receivership. In his operation of the premises the receiver was not the agent, servant, employee or representative of the corporation. The property itself was never returned to the corporation but was sold under sheriff's sale and the proceeds thereof went to various creditors, not to the corporation. The corporation never agreed to assume any debts or obligations of the receivership.

In addition, the individual defendants as Trustees received no assets from the dissolved corporation.

■ The corpus of a receivership estate, after it has been restored to its owner, cannot be charged with a judgment obtained against the owner for the torts of the receiver or his employees absent a statute or the decree discharging the receiver authorizing a charge on the corpus. A corporation which has received its property back upon the discharge of a receiver is liable for torts occurring during the receivership only to the extent to which the net income was applied by the receiver to the permanent improvement of the property. 16 Fletcher Cyc., Corporations, Sec. 7798, page 378; 45 Am.Jur., Receivers, Sec. 345. Further, the individual defendants as Trustees of the dissolved corporation are liable only to the extent of such assets which they received from the dissolved corporation.

It is therefore ordered and adjudged that the Motion of the defendants, J. J. Henry, T. R. Wiesing, Hans Hvide and Elsa Hvide, as Trustees for the Barefoot Mailman Hotel, Inc., a dissolved Florida corporation, for Summary Judgment be and the same is hereby granted; and it is further

Ordered and adjudged that Final Judgment be and the same is hereby entered in favor of the defendants, J. J. Henry, T. R. Wiesing, Hans Hvide and Elsa Hvide, as Trustees for the Barefoot Mailman Hotel, Inc., a dissolved Florida corporation, and against the plaintiff, Dolores G. Wyatt; that the plaintiff take nothing by her complaint or action and that the defendants go hence without day; and it is further

Ordered and adjudged that the defendants, J. J. Henry, T. R. Wiesing, Hans Hvide and Elsa Hvide, as Trustees for the Barefoot Mailman Hotel, Inc., a dissolved Florida corporation, may hereafter have and recover from the plaintiff, Dolores G. Wyatt, their costs to be hereafter taxed upon proper motion.